UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRED D HOWARD,

    Petitioner,

                              Case No. 16-CV-1011-PP

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DKT. NO. 1)**

On August 1, 2016, petitioner Fred Howard filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. Dkt. No. 1. In the motion, he asserts that the attorney who represented him in his 2005 drug case was ineffective because he failed to investigate the defendant's personal history and psychological issues (Id. at 4); failed to advise him regarding filing an appeal of his conviction and sentence (Id. at 7); and failed to challenge the amount of drugs attributed to the petitioner (Id. at 8). He also alleges that the district court failed to consider his psychological issues when imposing its sentence. Id. at 5. Because the statute of limitations has expired, the petitioner's claims are untimely, and the court must deny his motion and dismiss the petition.

The petitioner was convicted of conspiracy to possess with intent to distribute on June 15, 2006 and sentenced on May 17, 2006. Id. at 1. See also,

1

United States v. Fred D. Howard, Case No. 05-cr-98-pp (E.D. Wis.). The docket in his case indicates that he did not appeal his sentence. In his third ground for relief, the petitioner alleges that he did not file a direct appeal because his counsel told him that he did not have any claims. Id. at 7. He also argues that counsel did not tell him that if he didn't file a direct appeal, he would not be able to challenge his sentence at a later date. Id. that The petitioner explains that he decided to file the instant motion because he recently experienced traumatic events involving his children, which triggered memories about his claims. Id. at 12.

Under 28 U.S.C. §2255(a), a prisoner in custody pursuant to a sentence imposed by a federal court may file a motion to vacate, set aside or correct the sentence. The grounds for filing such a motion are that the sentence was imposed in violation of federal law or in excess of the maximum authorized by law; that the court lacked jurisdiction; or the sentence is otherwise subject to collateral attack. Id. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall notify the United States Attorney of the motion. 28 U.S.C. §2255(b).

A prisoner has a one-year deadline to file a motion under §2255. The deadline starts to run from the latest of the following occurrences: (1) date that the conviction becomes final; (2) the date that the impediment to filing motion is removed; (3) the date that a right was initially recognized by the Supreme Court (if a Supreme Court case is made retroactively applicable to cases on collateral review); or (4) that the date that facts supporting the claim could

2

have been discovered through due diligence. 28 U.S.C. §2255(f).

In this case, it is not readily apparent to the court that the substance of this motion "conclusively show[s] that the prisoner is entitled to no relief." The timing of the motion, however, is problematic. Because the petitioner failed to file a direct appeal, his conviction became final on or about July 19, 2006—over ten years before the petitioner filed this motion. Accordingly, the motion is untimely, unless he can show that one of the other events identified in §2255(f) occurred within the year before he filed the petition—in other words, sometime after August 1, 2015.

The petitioner does not identify any impediment to his filing this motion, other than the fact that he suffered from psychological trauma at the time he was sentenced. But according to the petitioner, he has suffered from this trauma ever since—if the trauma was an impediment during the year after his conviction became final, it is not clear why it is not an impediment now. Thus, the second event listed in the statute is not present. Nor does he identify any Supreme Court cases decided within the last year—and made applicable retroactively—which recognized a right that wasn't available to the petitioner within the year after his conviction. This leaves the final event—whether, since August 1, 2015, facts supporting his claim came to light that could not have been discovered in the exercise of due diligence.

The petitioner claims that "recently," traumatic events triggered memories that might help him with his claims. But the last even described in the statute requires more than just reliance on one's memory—it requires a

3

petitioner to exercise "due diligence"—to take responsibility for looking into his claims. A petitioner cannot fail to appeal, fail to file a Section 2255 motion within a year after his conviction becomes final, and then do nothing until one day a memory surfaces. Relying on one's memory does not constitute the exercise of due diligence. This section of the statute is designed to help individuals in situations where, for example, technology develops such that it is possible to analyze a piece of evidence that could not have been analyzed at the time the petitioner's conviction became final, or situations in which a law enforcement officer might have failed to turn over evidence that only recently came to light. If any petitioner could get relief from the one-year statute of limitations by arguing that they'd recovered some memories, then the one-year limitations period would become irrelevant.

In short, the petitioner has not provided a sufficient explanation for why he waited ten years to challenge his sentence. Thus, the petitioner's motion is barred by the statute of limitations, and the court must deny the motion and dismiss it. The court notes one thing, however. The petitioner states on page 7 of his petition that if his lawyer had advised him to file a direct appeal of his 2006 sentence, he would not be able to seek resentencing under new, retroactive Amendment 790 to the Sentencing Guidelines. The court suspects, given that the petitioner was convicted of a drug offense, that he is referring to Amendment 782, which retroactively reduces many base offense levels for drug quantities by two. If that is the case, there is no requirement that the defendant have appealed his sentence before he can ask for an Amendment

4

782 reduction. Even if a person did not appeal his conviction or his sentence, he can file a motion asking the court that sentenced him for an Amendment 782 reduction, if he believes he is eligible for one.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (internal quotation marks omitted).

The court concludes that its decision to deny the petitioner's motion as untimely is neither incorrect nor debatable among jurists of reason.

**IV. CONCLUSION**

For the reasons explained above, the court **DENIES** the petitioner's motion to vacate, set aside or correct sentence. Dkt. No. 1.

Dated in Milwaukee, Wisconsin this 19th day of September, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge